IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| **RENEE FEREBEE,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-13-3931 |
| **LEXY CORPORATION,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Pro se Plaintiff Renee Ferebee "saw a hiring sign" at the Lexy Corporation on January 15, 2012 and "went inside to inquire about a job." Compl. 1, ECF No. 2. She says she "was told harshly and abruptly by manager 'Brandy' that the Lexy Corporation do[es] not hire 'old people.'" *Id.* Aggrieved, she filed an age-discrimination claim against the Lexy Corporation ("Lexy" or "Defendant"), seeking damages for emotional distress and punitive damages. *Id.* Defendant seeks dismissal,[1] but on its face, Plaintiff's Complaint appears to state a claim when liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Alternatively, Defendant seeks summary judgment, based on evidence that Lexy only has ten employees for purposes of the Maryland and federal employment laws. Because the undisputed facts show that Lexy has

---

[1] Defendant has filed a Motion to Dismiss Complaint or in the Alternative Motion for Summary Judgment, ECF No. 20, which has been fully briefed, ECF Nos. 22 & 23. Additionally, Plaintiff has filed surreplies, ECF Nos. 24 & 25, which I have considered even though she filed them without leave of Court, in violation of Local Rule 105.2(a). A hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated in this Memorandum Opinion and Order, Defendant's Motion, which is treated as a Motion for Summary Judgment, is granted. This Memorandum Opinion and Order disposes of ECF No. 20 and closes the case.

too few employees for either state or federal employment laws to apply, summary judgment in Defendant's favor is proper.

## I. STANDARD OF REVIEW

The pending motion is for dismissal or, in the alternative, for summary judgment. Because I consider matters outside the pleadings, I must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d); *Syncrude Canada Ltd. v. Highland Consulting Grp., Inc.*, No. RDB-12-318, 2013 WL 139194, at *2 (D. Md. Jan. 10, 2013). When the Court treats a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Yet, "'the party opposing summary judgment "cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery."'" *Park v. Stewart*, No. ELH-13-3242, 2014 WL 1427419, at *3 (D. Md. Apr. 10, 2014) (quoting *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996))). And, to do so, "the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) . . . explaining why, 'for specified reasons, it cannot present facts essential to justify its opposition,' without needed discovery." *Id.* The Court may deny a Rule 56(d) request for additional discovery if "'the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment.'" *Id.* (quoting *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995)).

Notably, "the Federal Rules do not prescribe that any particular notice be given before a Rule 12 motion is converted to a Rule 56 motion." *Ridgell v. Astrue*, DKC-10-3280, 2012 WL

707008, at *7 (D. Md. Mar. 2, 2012). Thus, this requirement "can be satisfied when a party is 'aware that material outside the pleadings is before the court.'" *Walker v. Univ. of Md. Med. Sys. Corp.*, No. CCB-12-3151, 2013 WL 2370442, at *3 (D. Md. May 30, 2013) (quoting *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)). Indeed, while the Court "clearly has an obligation to notify parties regarding any court-instituted changes in the pending proceedings, [it] does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998). Here, the title of the motion itself, "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment," makes it obvious that the Court might construe it as seeking summary judgment, and thereby provides sufficient notice to Plaintiff. *See Ridgell*, 2012 WL 707008, at *7; *see Laughlin*, 149 F.2d at 260–61.

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). This Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party. *See Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Erickson*, 551 U.S. at 94 (stating the pleadings of a pro se litigant are liberally construed). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex v. Catrett*, 477 U.S. 317 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252

(1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.*

## II. DISCUSSION

In her Complaint, Plaintiff states that she "was highly discriminated against because of her age," without identifying the law governing her claim. Compl. 1. In what she titles her "Answers to the Affirmative Defenses," which she filed with the Court, Plaintiff clarifies that her claim is under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 – 634, stating that she "has met [her] ADEA requirement for age discrimination." ECF No. 16-2. Likewise, in Defendant's First Request for Admissions to Plaintiff, Defendant asked Plaintiff to admit that her "sole claim in [her] Complaint against Lexy Corporation is age discrimination under the Age Discrimination in Employment Act ('ADEA')," Req. No. 3, Def.'s Mot. Ex. 1, ECF No. 20-2, and in response, Plaintiff filed what she titled "Plaintiff's First Request for Admissions to Defendant," in which she declared that "Plaintiff's sole claim is ten million dollars in her Compliant against Lexy Corporation regarding age discrimination under the Discrimination in Employment Act (ADEA)," Req. No. 3, Def.'s Mot. Ex. 2, ECF No. 20-3. Yet, in her Opposition, Plaintiff insists that she brings her claim "under the Maryland State Government Code 20-606 (age)."[2] Pl.'s Opp'n 1–2.

As grounds for summary judgment, Defendant argues that Lexy has too few employees to be covered under either law, as it "has never had more than ten employees for each working day in each of twenty or more calendar week for any calendar year." Def.'s Mot. 2–4. In support, Defendant attaches the Declaration of Chang Un Yi, Lexy's Owner, who stated that "Lexy has never had more than ten employees for each working day in each of twenty or more calendar

---

[2] Md. Code Ann., State Gov't §§ 20-601 – 20-609.

week for any calendar year." Yi Decl. ¶ 3, Def.'s Mot. Ex. 4, ECF No. 20-5. Plaintiff does not challenge Yi's Declaration, offer evidence to the contrary, seek additional discovery,[3] or otherwise dispute the number of Lexy employees. Instead, she insists that the Court should not grant Defendant's motion because Defendant's argument "is based on how many employees Lexy has working for its organization," and that "has no bearing on what the Plaintiff is suing about (discrimination)." Pl.'s Opp'n 2.

It is true that Defendant's argument does not address the allegations of Plaintiff's case. It also is true that both the ADEA and Maryland employment discrimination law prohibit "an employer" from "refus[ing] to hire" an individual based on that person's age. *See* 29 U.S.C. § 623(a)(1) ("It shall be unlawful for an employer . . . to . . . refuse to hire . . . any individual . . . because of such individual's age . . . ."); Md. Code Ann., State Gov't 20-606(a)(1)(i) ("An employer may not . . . refuse to hire . . . any individual . . . because of . . . the individual's . . . age . . . ."). Nonetheless, for a plaintiff to bring a lawsuit against a potential employer under either law, the potential employer must qualify as an "employer" under the law. Significantly, the ADEA defines "employer" as "one or more individuals, partnerships, associations, labor organizations, corporations, business trusts, legal representatives, or any organized groups of persons" that are "engaged in an industry affecting commerce" and that have "*twenty or more employees* for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(a)–(b) (emphasis added). And, the Maryland law defines "employer" as "an individual, . . . partnership, firm, association, corporation, or other entity" that "is engaged in an industry or business" and "has *15 or more employees* for each working day in each of 20 or more calendar weeks in the current or preceding calendar year."

---

[3] Plaintiff certainly has not complied with Rule 56(d), and cannot complain about the lack of discovery. *See Park*, 2014 WL 1427419, at *3.

State Gov't § 20-601(d)(1)(i) (defining "employer," using the term "person") (emphasis added); § 1-101(d) (defining "person"). Consequently, Lexy, which employs no more than "ten employees for each working day in each of twenty or more calendar week for any calendar year," Yi Decl. ¶ 3, is not an "employer" for purposes of either state or federal employment discrimination law. *See* 29 U.S.C. § 630(a)–(b); State Gov't § 20-601(d)(1)(i). Therefore, on these undisputed facts, Defendant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

### III. CONCLUSION

Defendant's Motion, which I treat as a Motion for Summary Judgment, is GRANTED. The Clerk is directed to CLOSE this case and to MAIL a copy of this Memorandum Opinion and Order to Plaintiff.

Dated: <u>April 28, 2014</u>                                                      /S/
                                                                        Paul W. Grimm
                                                                        United States District Judge

lyb